IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| VICTOR GONZALES, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 13-7223 |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| POLICE OFFICER NELSON LEON and | : | |
| POLICE OFFICERS JOHN/JANE DOE 1-8, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                 **OCTOBER 6, 2014**

Presently pending before the Court is a Motion for Summary Judgment filed by Defendant, City of Philadelphia ("the City"). Plaintiff, Victor Gonzales ("Gonzales") has not filed a response.[1] For the reasons set forth below, the City's Motion is granted.

This is a 42 U.S.C. § 1983 excessive use of force action filed by Gonzales against Philadelphia Police Officer Nelson Leon ("Police Officer Leon"), various unnamed police officers, as well as the City.[2] See Compl. The City filed a Motion for Summary Judgment on the claim against it made by Gonzales in Count Three of the Complaint. (See City's Mot. for Summ.

---

[1] Federal Rule of Civil Procedure 56(e)(2), describing the requirements for opposing a motion for summary judgment, provides that a Plaintiff, as the non-moving party, "may not rely merely on allegations or denials in [their] own pleading; rather, their response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Due to Gonzales's failure to file any additional documents other than the Complaint, and his failure to respond to the City's Motion for Summary Judgment, the Court has considered the allegations in the Complaint to constitute his position against the discovered evidence presented by the City. The record in this case, including the exhibits attached to the City's Motion for Summary Judgment, have been thoroughly examined.

[2] The Complaint alleges the following: Count I - Excessive Use of Force; Count II - Bystander Liability; Count III - Monell Claim - Failure to Train and Supervise; and Count IV - Assault and Battery. See Compl.

J.)  The City asserts that it should be dismissed from this lawsuit because Gonzales has failed to establish that it, through a custom, policy or practice, has exhibited deliberate indifference to his constitutional rights.  (See id.)  We agree.  For the reasons set forth below, the City's uncontested Motion for Summary Judgment is granted in its entirety.

## I.     BACKGROUND

This action arises out of events that took place on December 12, 2011.  Compl. ¶ 7.  Philadelphia Police Officers, including Police Officer Leon, encountered Gonzales at the intersection of North 7th Street and Lehigh Avenue in Philadelphia, Pennsylvania.  Id.  Gonzales claims that the Police Officers used excessive force during his arrest in violation of the Fourth and Fourteenth Amendments.  Id. ¶¶ 8-19.

Count Three of the Complaint includes Gonzales's claims against the City pursuant to 42 U.S.C. § 1983 under the theory of municipal liability.  Id. ¶¶ 25-31.  Specifically, Gonzales contends that the City's failure to train and supervise its officers led to him being subjected to excessive use of force in violation of his Fourth and Fourteenth Amendment rights.  Id.

Pursuant to the Court's Amended Scheduling Order, all fact discovery in this action had to be completed on or before August 12, 2014.  (Doc. No. 8.)  Any dispositive motions were ordered to be filed on or before August 26, 2014.  (Id.)  To date, the City's Motion for Summary Judgment has been the only summary judgment motion filed.

## II.    STANDARD OF LAW

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." See Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991).  The Court asks

"whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted. Celotex, 477 U.S. at 322.

### III.   DISCUSSION

As a direct and proximate result of the actions of the Defendant Police Officers and the

policies, customs and practices of the City, Gonzales alleges that he suffers from disability, mental anguish and emotional distress.  Compl. ¶¶ 10-12.  Additionally, he asserts that he has been obligated to expend various sums of money and sustain loss of employment.  Id.

"A municipality cannot be held liable solely because it employs a tortfeasor."  Monell v. N.Y. City Dep't of Soc. Serv., 436 U.S. 658, 691 (1978).  Instead, the plaintiff must assert that an actual policy or custom of the municipality was the cause of the constitutional deprivation.  Id.  In order to sufficiently allege "custom" for Monell purposes, a plaintiff must allege that the "practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."  Id.  A government policy or custom can be established in two ways.  Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict.  Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986).  A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well settled" as to virtually constitute law.  Monell, 436 U.S. at 690; see also Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990).

Alternatively, a plaintiff can also plead a Monell claim "where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  City of Canton v. Harris, 489 U.S. 378, 387-88 (1989) (for liability to attach under a failure to train theory, a municipality's failure to train its employees must reflect a deliberate or conscious choice by the municipality such that one could call it a policy or custom).  In order for a municipality's failure to train to be actionable under 42 U.S.C. § 1983, however, it must amount to "deliberate indifference" to the rights of the persons with whom police officers come

into contact, and it must be shown to be a part of city policy. Id. at 389-90.

In the instant case, the City sets forth that Gonzales cannot point to any evidence from which a reasonable jury could infer that he was subjected to excessive use of force that was directly caused by an unconstitutional policy. (City's Mem. Law Support Mot. for Summ. J. at 6.) Additionally, the City asserts that Gonzales cannot point to any evidence that a policy maker was aware of, and acquiesced in, prior instances of police officers using excessive force. (Id.) The City states that Gonzales has conducted almost no discovery on this issue arguing that he has neither deposed a corporate designee for the City nor requested to view Police Officer Leon's personnel file and disciplinary history. (Id.) According to the City, Gonzales requested the City Police Department's directive on Use of Force ("Use of Force Directive"), but did not question any of the City's witnesses about it during their depositions. (Id.)

Examination of the Complaint in conjunction with the Depositions of Sergeant David Potter, Police Officer Nelson Leon and Police Officer Robert Oscilowski, as well as the Use of Force Directive, clearly shows that Gonzales has not pleaded a viable Monell claim against the City. Gonzales has not come forward with an actual policy or custom of the City which caused any constitutional deprivation. Furthermore, he has not presented any evidence of "deliberate indifference" to the rights of the persons with whom police officers come into contact as a part of the City's policy. The Depositions of Sergeant David Potter and Police Officer Leon mention police procedures and policies in a very general sense, but do not include any discussion about an actual policy or custom of the City that was the cause of an alleged constitutional deprivation.[3]

---

[3] The generalized discussions include, *inter alia*, the procedure for patting down a suspect; the procedure for securing the person being arrested first prior to conducting interviews or trying to find the complainant or witnesses; transportation for a suspect receiving medical treatment; and the role of a supervisor. (City's Mem. Law Support

5

(Id.; Ex. B (7/18/14 Trans. Dep. of Sergeant David Potter), Ex. C (7/18/14 Trans. Dep. of Police Officer Leon).)  The deposition of Police Officer Robert Oscilowski does not include any discussion of police policies or procedures.  (Id.; Ex. D (7/18/14 Trans. Dep. of Police Officer Robert Oscilowski).)  In this case, the Use of Force Directive outlines the proper use of force acceptable by the Philadelphia Police Department and does not evidence any actual policy or custom of the City that caused Gonzales's alleged constitutional deprivation.  (Id.; Ex. E (Use of Force Directive).)

      The Complaint merely recites allegations that the City failed to supervise, discipline, counsel, guide, and train its police officers.  Compl. ¶ 30.  It lacks any specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom endorsing the Philadelphia Police Department's police officers' allegedly unconstitutional conduct.  Furthermore, the Complaint fails to specifically demonstrate how the training programs for the police officers are inadequate or to suggest how the City evinced deliberate indifference to Gonzales's rights.  Accordingly, we find that Gonzales has failed to bring a viable Monell claim against the City.  Consequently, the City's Motion for Summary Judgment is granted.  Gonzales's 42 U.S.C. § 1983 claim against the City is dismissed.

      An appropriate Order follows.

---

Mot. for Summ. J.; Exs. B, C.)